SAXBY et al. v. NEAL.

1. EVIDENCE—DEPOSITION.—Where process is sued out against two, but is served on only one, and the other does not appear or plead, the deposition of the party not served cannot be taken and read on the trial against his co-defendant, at least not without notice given under the statute relating to the swearing or taking the depositions of parties.

(2 *Chand.* 53.)

ERROR to the Circuit Court for *Rock* County.

This was an action of assumpsit, brought against the plaintiffs in error, by the defendant in error, by summons, but the summons was served upon only one of them. The party summoned appeared and pleaded issuably, but the other defendant did not appear.

On the trial the defendant in error offered in evidence the deposition of *Curtis*, the other plaintiff in error, assumed to have been taken under the provisions of the statutes of 1841. Objection was made to the reading of the deposition by *Saxby*, but the court ruled it admissible, and it was read. To the ruling of the court the counsel of *Saxby* excepted. A recovery was had in favor of the defendant in error, and the cause came into this court by a writ of error based on the exception so taken.

*David Noggle*, for plaintiff in error, contended that the deposition of a party not served with process and not appearing in the action, could not be received as evidence, nor the party himself examined as a witness, under the provisions of the statute, unless he had been served with process; unless his co-party in the action should have been notified that he also was to be examined on the trial. And to this point was cited 4 Eng. Com. Law, 48; 19 Wend. 353; 3 Scam. 463; 1 Gilm. 358–360; 1 Greenl. Ev. 421, § 353.

*J. M. Keep*, for defendant in error, contended that the examination of *Curtiss* was independent of the statute of Wis-

consin, and was therefore admissible; and that under the statute the examination was admissible as taken. He also claimed that no notice was required or necessary to have been given to *Saxby* of the examination of *Curtiss*.

Whiton, J. The error assigned in this case is, that the circuit judge, before whom the cause was tried, permitted the deposition of *Curtiss*, one of the plaintiffs in error, to be read in evidence to the jury. It appears that *Neal* sued *Saxby* and *Curtiss* in the late district court of the territory. The summons was served on *Saxby* alone, who appeared and pleaded to the action. *Curtiss* did not appear. A trial was had in the circuit court for Rock county, at which the defendant in error offered to read the deposition of *Curtiss*, taken in pursuance of a statute of the territory (Laws of 1841, p. 26). By the statute referred to, either party might give notice to the adverse party that he wished to have him sworn as a witness in the cause; and if the party notified did not appear and testify, or did not take and produce his deposition (as in certain cases provided for by the statute he might do), then the party giving the notice might himself be sworn as a witness.

The bill of exceptions shows that *Saxby*, by his attorney, objected to the introduction of the deposition of *Curtiss*, above alluded to, on various grounds, but the objection was overruled, and the deposition was read in evidence to the jury.

That the ruling of the court in permitting the deposition to go to the jury as evidence, when objected to by *Saxby*, was erroneous there can be no doubt. It is not necessary to decide whether the defendant in error should have been permitted to testify, upon the failure of *Saxby* to produce the deposition of *Curtiss*, had he offered himself as a witness; but it is clear that as *Saxby* alone was served with the process, and alone appeared to defend the suit, the deposition should not have been read to the jury if he objected.

The plaintiff should have called upon the attorney who defended the suit, to produce *Curtiss*, or his deposition, pursuant to the notice which had been served; and upon the failure of *Curtiss* to appear, or to produce his deposition, taken in conformity with the statute, should have offered himself as a witness. That would have brought before the court the question, whether, under the circumstances of the case, *Curtiss* was properly a party to whom notice to testify could be given under the statute.

Judgment reversed.